5 F.3d 547
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jesse TRUJILLO, Plaintiff-Appellant,
v.
O.L. McCOTTER, Robert J. Tansy, Defendants-Appellees.
 No. 92-2277.
 United States Court of Appeals, Tenth Circuit.
 Aug. 26, 1993.
 
 1
 Before BALDOCK and KELLY, Circuit Judges, and CAUTHRON,** District Judge.
 
 ORDER AND JUDGMENT[1]
 KELLY
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Jesse Trujillo appeals the district court's dismissal of his pro se civil rights complaint alleging a denial of access to New Mexico courts while he was incarcerated in Illinois, California, and South Dakota. The district court found that while incarcerated in Illinois, Trujillo had access to the New Mexico Bar Bulletin, the Clinical Law Program at the New Mexico School of Law, and the New Mexico Public Defender for matters related to conviction or prosecution. The court also found that while incarcerated in California and South Dakota, Trujillo had access to attorneys employed by the New Mexico Corrections Department's Library Services Bureau, or inmates employed in the law library as legal assistants. The court concluded that these avenues provided sufficient access to the New Mexico courts.
 
 
 4
 On appeal, Trujillo does not challenge the district court's findings regarding the nature of access available while he was incarcerated outside New Mexico. Rather, he argues that the access did not constitute "meaningful access" under Bounds v. Smith, 430 U.S. 817, 824 (1977), because defendants allegedly had no written plan to guarantee that prisoners housed outside of New Mexico would have meaningful access to New Mexico courts. The district court was unable to find any legal authority "that recognizes a duty on the part of the sending state to notify prisoners of existing plans for access to the sending state's courts upon transfer to another state." II R. 37 at 9. The district court concluded that Trujillo's access to New Mexico courts was not blocked by defendants' failure to inform him of existing procedures. We exercise jurisdiction under 28 U.S.C. 1291 and affirm for substantially the same reasons stated by the district court.
 
 
 5
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 **
 Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3